126   ELIZABETH ANDREWS, Executrix, *versus* WILLIAM
C. HUNNEMAN *et al.*

If the subject of a specific legacy is in the possession of the legatee at the death of the testator, the acquiescence of the executor in such possession is sufficient to vest the property in the legatee, if there are assets enough to pay the debts, without any formal assent.

ASSUMPSIT for goods sold and delivered.

The goods in question were tools of a brass-founder. They formerly belonged to George C. Andrews, who on becoming insolvent assigned them to his father, the testator, to whom he was largely indebted. They were removed from the shop of George to a shop belonging to the testator, and the business of a brass-founder was carried on there by George on the testator's account.

In the will, proved March 21, 1825, the testator says, "if my son George should not be entitled, on settlement of accounts between him and me, to receive back the tools which he assigned to me on the 10th day of January, 1823, by virtue of said assignment, I bequeath the said tools, or so many of the same as remain, to him, for his use and behoof for ever."

After the death of the testator, the tools were in the shop belonging to his estate, and George had free access to them, but he did not incline to carry on the business. He sold one or two of the articles, before the sale to the defendants, but it did not appear that he had the consent of the executrix therefor. He spoke of them as his own, and offered to sell them to one Keith. On the 17th of September, 1825, he sold and delivered them to the defendants, and made and delivered a bill of parcels thereof in his own name. In the bill of par

cels were three articles not among the assigned goods, but which were made by an apprentice of George after the assignment, and while the business was carried on under the testator.

Henry P. Andrews, a brother of George, testified that the goods were sold by George as agent, but it did not appear that the witness was present at the sale ; but he said there were frequent conversations between the executrix and George, respecting the sale of the goods for the purpose of paying some debts of the estate. He called upon Hunneman for the pay, in behalf of his sister, the executrix, and Hunneman said he had not the money, but would pay on the next Friday. The witness stated to Hunneman, that the money was wanted towards payment of a particular debt from the estate. The tools had been appraised as part of the estate. The witness stated that he, and the family generally, knew they were sold by George.

127

Mr. Rogers, a counsellor at law, testified that the executrix asked his advice, whether she could safely let George have the tools before the debts were paid, and he advised her, that if she let him have them, she ought to take an accountable receipt for them, so that they might not appear to be delivered under the will.

The estate was not insolvent, but of the whole property, real and personal, there was a surplus for distribution, of thirteen or fourteen thousand dollars, after payment of debts ; but the personal estate was not sufficient to pay the debts.

The *Chief Justice* instructed the jury, that with respect to the tools included in the assignment, the case must turn upon the question, whether the executrix had delivered them to George pursuant to the will, or suffered him to retain possession and dispose of them as his own because specifically bequeathed to him ; which was a question of fact for them to determine ; that with respect to one of the articles not included in the assignment, as it was made by the apprentice of George while the business was carried on for the father, the apprentice being, as was proved, boarded by the father, that would be the property of the father. No particular instructions were given respecting the two other articles not included in the assignment.

Andrews
v.
Hunneman.

March term
1827.

The verdict was for the plaintiff for the whole amount of the bill, including all the articles sold. The defendant moved for a new trial, because the verdict was against the evidence, and contrary to law on the facts above stated.

*Sullivan* insisted that the evidence did not support the declaration, there being no proof that the legatee did not make the sale on his own account.

But the executrix was a mere trustee to perform the will, and she had no right to dispose of a specific legacy for the payment of debts, there being without it sufficient assets, real and personal. *Farrington* v. *Knightly*, 1 P. Wms. 549 ; *Winship* v. *Bass*, 12 Mass. R. 199 ; *Hays* v. *Jackson*, 6 Mass. R. 149.

This legacy, vested at the decease of the testator, subject only to his debts, and the legatee might take possession as soon as the executor assented. The evidence in the case shows an assent on the part of the plaintiff. *Kirby* v. *Potter*, 4 Ves. 751 : *Williams* v. *Lee*, 3 Atk. 223 ; *Atkins* v. *Hill*, Cowp. 288 ; Com. Dig. *Administration*, C 6 ; *Colebourn and Mixstone's Case*, 1 Leon. 130.

Should the plaintiff recover, it would be to the use of the legatee, that is, of the defendant who purchased of him ; therefore to avoid circuity of action she shall not prevail. *Turner* v. *Davies*, 2 Wms's Saund. 149, and note 2.

The verdict is wrong as it respects the three articles made by the apprentice. There was no evidence that he or his services had been assigned to the testator, so that what he made must have belonged to George C. Andrews. *Nickerson* v. *Howard*, 19 Johns. R. 113 ; Co. Lit. 117 *a*, Hargr. note 161.

*Hubbard* and *Sewall*, for the plaintiff. The law is clear, that the legatee was not entitled to the legacy without the assent of the executrix ; Toller, 306 ; and she had authority to dispose of it for the payment of debts. Toller, 256 ; *Ewer* v. *Corbet*, 2 P. Wms. 148. No case has been cited for the position, that real estate is to be applied to the payment of debts, before a chattel specifically devised. If a specific legacy is taken when the estate is not insolvent, the legatee is entitled to contribution.

As to the verdict's being against the weight of evidence, the question was, whether the plaintiff had assented to the legacy, or whether the legatee sold the tools as her agent; and the jury have found, and we think rightly, in favor of the plaintiff. There was no evidence of her assent. But if the verdict was against the weight of the evidence, the Court will not grant a new trial, there having been evidence on both sides; more especially as there was only presumptive evidence. *Blanchard* v. *Colburn*, 16 Mass. R. 347; *Hammond* v. *Wadhams*, 5 Mass. R. 355; *Swain* v. *Hall*, 3 Wils. 45; Grant on New Trials, 148.

The tools made by the apprentice were made out of the stock of the testator, and so belonged to him; the only claim of George C. Andrews would be for the labor of his apprentice.

The opinion of the Court was delivered by

PARKER C. J. It seems to be well settled in the law, that in a specific devise of chattels, though the right vests at the death of the testator, yet the assent of the executor is necessary to enable the legatee to obtain possession.[1] . At the common law, and this founded upon the liability of the executor for debts, he has a right to refuse the legacy until he has ascertained whether there are assets.

It is therefore held to be necessary to go into chancery to obtain payment of a legacy, where there will be an account and discovery of assets, and a decree of payment if those be found sufficient. Now, at the common law, an action lies for a legacy on a promise to pay, there being a sufficiency of assets. Cowp. 288.[2] And trover will lie for a specific legacy after an assent of the executor. 3 Atk. 223. An assent will be presumptive evidence of assets. By our statute of 1783, c. 24, § 17, [Revised Stat. c. 66, § 16,] an action a law is given for a legacy. But this action will not lie immediately on the death of the testator, because it may not be known whether there are assets sufficient for the debts, unless

*Andrews v. Hunneman.*

129

*March 29th.* 1828

---

[1] See *Wilson* v. *Rine*, 1 Harr. & Johns. 139; *Hairston* v. *Hall*, 3 Call. 188.

[2] See Ram on Assets &c. 508 to 512 (No. 23 Law Libr. p. 235 to 238); 1 Story's Comm. Eq. 554.

*Andrews*
*v.*
*Hunneman.*

there is an assent ; and by parity of reason, a legatee will have no right to take the thing devised out of the hands of the executor, until the latter has had time to know the condition of the estate. But if the thing devised is in the legatee's possession at the death of the testator, then an acquiescence in such possession is sufficient to vest the property in the legatee, if there are assets, and a formal consent cannot be necessary ; so that if he sells or disposes of the thing devised, the purchaser will hold, under such circumstances.[3]

Now in the case before us, the tools given by the will were in the possession of the vendor, who was the legatee, before and at the death of the testator ; so that a delivery to him by the executrix was not necessary. Nothing more than her acquiescence in the continuance of the possession by him was requisite. He claimed them as his own, and had offered to sell them, and this was known to the family generally, including the executrix. She never interfered, but on the contrary, having been told by counsel that her consent would vest the property, if she did not take an accountable receipt, she suffered them to remain without taking such receipt or asking for one. There was nothing to encounter this evidence but loose conversations by which the defendant was not bound, and the demand of payment for the articles for the executrix, and his promise to pay. But he had received a bill of parcels in the name of George Andrews alone, having purchased of him without any intimation of his selling as an agent for the executrix. This promise to pay is wholly immaterial to the question of the right of George to sell, in any other view than as it might show that the defendant knew the sale was made for the executrix, which was not suggested to be the case. We think a new trial ought to be granted, on the ground that the verdict is strongly against the weight of evidence.[1]

---

[3] Where A, the legatee of a term, enters and occupies for a short time and then quits the possession, it is a question for the jury whether the executors have or have not assented to the bequest; and if a party contracted with A for an underlease, it may be left to the jury to say whether the contract was made with A in his own right or as agent to the executor. *Richardson* v. *Gifford,* 3 Nev. & Man. 325; *S. C.* 1 Adolph. & Ellis, 52. See also 2 Roberts *on Wills,* 107 to 109; 2 Williams *on Executors,* 843 *et seq.*

[1] A verdict will not be set aside as contrary to evidence, unless there is a

With respect to two or three of the articles made while    Andrews
George Andrews was working with his father, they would    Hunneman.
seem not to be comprehended within the words of the be-
quest, for that refers only to the tools which had by George
been conveyed to the father ; and for these we do not see but
the plaintiff is entitled to recover.

*New trial granted.*

---

decided preponderance against the verdict.  *Smith* v. *Hicks,* 5 Wendell, 48 ;
*Jackson* v. *Loomis,* 12 Wendell, 27 ; *Rundell* v. *Butler,* 10 Wendell, 120 ;
*Lewis* v. *Payn,* 4 Wendell, 423 ; *Fowler* v. *Ætna Ins. Co.* 7 Wendell, 270 ;
*Johnson* v. *Scribner,* 6 Connect. R. 185 ; *Cassels* v. *State,* 4 Yerger, 149
*Williams* v. *Gilman,* 3 Greenl. 276